UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RD-6665

DANIEL WIRSHUP,

                                    Plaintiff,          **AFFIRMATION IN**
                                                        **SUPPORT OF MOTION**

        -against-
                                                        **CV05-4086 (ERK)(ARL)**

SUFFOLK COUNTY POLICE
DEPARTMENT; THOMAS J. SPOTA;
SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE; ASSISTANT
DISTRICT ATTORNEYS JANE AND JOHN
DOES "1"-"5," KEVIN WARD, JOHN
SCOTT PRUDENTI, and CHRISTOPHER
NICCOLINO; DETECTIVES/POLICE
OFFICERS TOM ICAPELLI, ROBERT
AMATO, RAYMOND FELICE and JOHN
AND JANE DOES "1"-"5," and THE
COUNTY OF SUFFOLK,

                                    Defendants.

        Richard T. Dunne, an attorney, duly admitted to practice before this Court and the

Courts of the State of New York, affirms as follows under penalty of perjury:

        1.        I am an Assistant County Attorney in the office of Christine Malafi,

Suffolk County Attorney, attorney for District Attorney Thomas J. Spota, Assistant

District Attorney Kevin Ward, Assistant District Attorney John Scott Prudenti, Assistant

District Attorney Christopher Nicolino, Detective Investigator Thomas Iacopelli,

Detective Investigator Robert Amato, Detective Raymond Felice and the County of

Suffolk, defendants in this civil rights action pursuant to 42 U.S.C. §1983 (collectively,

"County defendants").  I submit this affirmation in support of County defendants' motion

pursuant to Fed. R. Civ. P. Rule 56 for summary judgment dismissing the complaint.

2.     In this case, plaintiff Daniel Wirshup seeks to recover for his indictment and prosecution on charges of Scheme to Defraud in the First Degree and Official Misconduct.

3.     The facts upon which County defendants rely on in making this motion are set forth in their Statement Pursuant to Local Rule 56.1.  In brief, Wirshup was indicted and prosecuted for Scheme to Defraud in the First Degree and Official Misconduct.  The basis of the investigation dealt with a private contractors relationship with two municipal entities in the County of Suffolk, with plaintiff being the Superintendent of Public Works in the Incorporated Village of Patchogue and who had direct dealings with that contractor.  Additionally, during the investigative phase of the case, Investigators attempted to cultivate Wirshup as an informant.  A felony bench trial was held in the County Court of Suffolk County and plaintiff was acquitted of all charges.

4.     Wirshup claims that a reasonably prudent Investigator or Assistant District Attorney would not have believed he was guilty of either crime and prosecuted him simply because he did not cooperate with the larger investigation.

5.     His malicious prosecution, and conspiracy claims are likewise grounded on the unsupported assertion that he became a defendant because he refused to cooperate with the investigation and that he was falsely arrested and charged.

6.     As County defendants explain in the accompanying memorandum of law, the Grand Jury indictment in this matter created a presumption of probable cause; Wirship's conspiracy claim fails to show any fraud in the pre-indictment phase of the case since during that part of the case it was objectively established that probable existed, and that Wirshup's contact with investigators occurred prior to the commencement of a criminal proceeding against him and were engaged in to get him to cooperate not to obtain inculpatory information.

7.    Alternatively, even if a presumption of probable cause is found to be lacking on the undisputed facts, probable cause existed as a matter of law.  As a further alternative, the defendants are protected from this lawsuit by the doctrine of qualified immunity

8.    For all these reasons, more thoroughly explained in County defendants' memorandum of law, Wirshup cannot, as a matter of law, recover upon any of his causes of action.

WHEREFORE, defendants and the County of Suffolk respectfully request that this Court grant them summary judgment dismissing the complaint pursuant to Fed. R. Civ. P. Rule 56.


Dated:  Hauppauge, New York
        October 31, 2007

Yours, etc.

CHRISTINE MALAFI
SUFFOLK COUNTY ATTORNEY
Attorney for Defendants,
County of Suffolk, Spota, Ward,
Prudenti, Nicolino, Iacopelli,
Amato & Felice
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York  11788

By:    _____
        Richard T. Dunne/RD-6665
        Assistant County Attorney

To:
Bruce A. Barkett, Esq.
Attorney for Plaintiff
Law Offices of Bruce A. Barkett, P.C.
666 Old Country Road, Suite 600
Garden City, NY 11530