UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RD-6665

DANIEL WIRSHUP,

                              Plaintiff,

        -against-                                    **CV05-4086 (ERK)(ARL)**

SUFFOLK COUNTY POLICE
DEPARTMENT; THOMAS J. SPOTA;
SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE; ASSISTANT
DISTRICT ATTORNEYS JANE AND
JOHN DOES "1"-"5," KEVIN WARD,
JOHN SCOTT PRUDENTI, and
CHRISTOPHER NICCOLINO;
DETECTIVES/POLICE OFFICERS TOM
ICAPELLI, ROBERT AMATO,
RAYMOND FELICE and JOHN AND
JANE DOES "1"-"5," and THE COUNTY
OF SUFFOLK,

                              Defendants.

SUFFOLK COUNTY'S MEMORANUM OF LAW IN SUPPORT OF MOTION
PURSUAT TO RULE 56 AND 56.1

Dated:  Hauppauge, New York            Respectfully submitted,
        October 31, 2007

                                        **CHRISTINE MALAFI**
                                        **Suffolk County Attorney**
                                        **Attorney for County of Suffolk**
                                        **Spota, Ward, Prudenti, Nicolino,**
                                        **Iacopelli, Amato & Felice**
                                        **H. Lee Dennison Building**
                                        **100 Veterans Memorial Highway**
                                        **P. O. Box 6100**
                                        **Hauppauge, New York 11788**

                                        **By:  Richard T. Dunne/RD-6665**

**Assistant County Attorney**

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................................ii, iii, iv, v

**PRELIMINARY STATEMENT** ..........................................................1

**POINT I**

**PLAINTIFF'S VAGUE, CONCLUSORY AND
GENERAL ALLEGATIONS UNSUPPORTED BY ANY
SPECIFIC INSTANCES OF MISCONDUCT ARE
INSUFFICIENT TO SUSTAIN A CLAIM OF CONSPIRACY** ......................2

**POINT II**

**THE PLAINTIFF CANNOT RECOVER FOR HIS CLAIM
OF FALSE ARREST OR MALICIOUS PROSECUTION
BECAUSE PROBABLE CAUSE EXISTED AT THE TIME
OF HIS INDICTMENT FOR THE SUBJECT CRIMES**...................................4

**POINT III**

**ABSOLUTE IMMUNITY BARS PLAINTIFF'S CLAIM
OF MALICIOUS PROSECUTION AGAINST DISTRICT
ATTORNEY'S OFFICE DEFENDANTS** ..........................................................10

**POINT IV**

**EVEN IF PROBABLE CAUSE DID NOT EXIST AS A MATTER
OF LAW DURING THE INVESTIGATIVE PHASE OF THIS CASE,
THE DEFENDANT INVESTIGATORS ARE ENTITLED
TO QUALIFIED IMMUNITY AS ARGUABLE PROBABLE
CAUSE EXISTED FOR THE GRAND JURY PRESENTATION
AGAINST PLAINTIFF**......................................................................................12

**POINT V**

**PLAINTIFF CANNOT SUSTAIN A VALID SIXTH AMENDMENT
CLAIM SINCE CONTACT WITH INVESTIGATORS OCCURRED
PRIOR TO THE COMMENCEMENT OF CRIMINAL PROCEEDINGS
AND PLAINTIFF CANNOT SHOW ANY ACTUAL PREJUDICE** .............15

**CONCLUSION** .....................................................................................19

**-i-**

# TABLE OF AUTHORITIES

## FEDERAL CASES

Anderson v. Creighton,
483 U.S. 635 (1987).................................................................................12

Bernard v. United States,
25 F.3d 98 (2d. Cir.1994) .........................................................................4, 8

Boyd v. City of New York,
336 F.3d 72 (2d Cir. 2003)........................................................................9

Buckley v. Fitzsimmons,
509 U.S. 259, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993).........................10

Caldarola v. Calabrese,
298 F.3d 156 (2d. Cir 2002).....................................................................5

Ciambriello v. County of Nassau,
292 F.3d 307 (2d Cir. 2002)......................................................................2, 3

Claudio v. Scully,
982 F.2d at 802 (2nd Cir. 1992)................................................................16

Cook v. Sheldon,
41 F.3d 73 (2d Cir. 1994) .........................................................................8

Curley v. Village of Suffern,
268 F.3d 65 (2d Cir. 2001)........................................................................6

Deshawn v. Safir,
156 F.3d 340 (2nd Cir. 1998)....................................................................15

Dunaway v. New York,
442 U.S. 200 (1979)..................................................................................5

Harlow v. Fitzgerald,
457 U.S. 800 (1982)..................................................................................12

Hebron v. Touhy,
18 F.3d 421 (7th Cir. 1994) .....................................................................5

Hernandez v. Goord,
312 F. Supp. 2d 537 (S.D.N.Y. 2004)......................................................2

Illinois v. Gates,
462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983) ................................................5

Imbler v. Pachtman,
424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976) ...............................................10

Jaegly v. Couch,
439 F.3d 149 (2d Cir. 2006) .......................................................................................4, 5

Jenkins v. City of New York,
478 F.3d 76 (2d Cir. 2007) .........................................................................................4, 12

Kirby v. Illinois,
406 U.S. 682 (1972) .......................................................................................................15

Kramer v. City of New York,
2004 U.S. Dist. LEXIS 21914 (D.N.Y. 2004) ...............................................................2

Lowth v. Town of Cheektowaga,
82 F.3d 563 (2d Cir. 1996) ............................................................................................5

Malley v. Briggs,
475 U.S. 335 (1986) .......................................................................................................12

Maron v. County of Albany, 166 Fed. Appx. 540, 542 (2d Cir. 2006) .........................5

Meadows v. Kuhlmann,
812 F.2d 72 (2nd Cir. 1987) ..........................................................................................15

Miloslavsky v. AES Engineering Society, Inc.,
808 F. Supp. 351 (S.D.N.Y. 1992), aff'd, 993 F.2d 1534 (2d Cir. 1993), cert.
denied, 510 U.S. 817, 114 S.Ct. 68 (1993) .................................................................5, 8

Murphy v. Lynn,
118 F.3d 938 (2d. Cir 1997) ...........................................................................................8

O'Hagan v. Soto,
523 F. Supp. 625 (S.D.N.Y. 1981) ................................................................................15

Oneil v. Town of Babylon,
986 F.2d 646 (2nd Cir. 1993) .........................................................................................7

Pangburn v. Culbertson,
200 F.3d 65 (2d Cir. 1999) ..............................................................................................2

Pannetta v. Crowley,
460 F.3d 388 (2d Cir. 2006)..................................................................6

Pinaud v. County of Suffolk,
52 F.3d 1139 (2d Cir. 1995)................................................................10

Rothstein v. Carriere,
373 F.3d 275 (2d. Cir 2004)..................................................................4

Russo v. City of Bridgeport,
479 F.3d 196 (2d Cir. 2007)..................................................................4

Singer v. Fulton County Sheriff,
63 F.3d 110 (2d Cir. 1995).............................................................4, 5, 8

States v. Fama,
758 F.2d 834 (2d Cir. 1985)..................................................................6

United States ex rel. Robinson v. Zelker,
468 F.2d 159 (2nd. Cir. 1972) cert. denied 411 U.S. 939 (1973)................15

United States v. Cronic,
466 U.S. 648 (1989)...........................................................................17

United States v. Cuauhtemoc Gonzalez-Lopez,
2006 U.S. LEXIS 5165 (2006) .............................................................17

United States v. Kon Yu-Leung,
910 F.2d 33 (2nd Cir. 1990).................................................................16

United States v. Morrison,
449 U.S. 361 (1981)...........................................................................17

Washington v. County of Rockland,
373 F.3d 310 (2d Cir. 2004)..................................................................8

Weyant v. Okst,
101 F.3d 845 (2d Cir. 1996)..................................................................4

## STATE CASES

Broughton v. State of New York,
37 N.Y.2d 451, 335 N.E.2d 310, 373 N.Y.S.2d 87 (1975)........................8

Colon v. City of New York,
60 N.Y.2d 78, 468 N.Y.S.2d 453, 455 N.E.2d 1250 (1983).......................9

Dillard v. City of Syracuse,
51 A.D.2d 432 (N.Y. App. Div. 1976) .............................................................................4

People v. Coffey,
12 N.Y.2d 443 (N.Y. 1963) .............................................................................................4

## PRELIMINARY STATEMENT

District Attorney Thomas J. Spota, Assistant District Attorney Kevin Ward, Assistant District Attorney John Scott Prudenti, Assistant District Attorney Christopher Nicolino, Detective Investigator Thomas Iacopelli, Detective Investigator Robert Amato, Detective Raymond Felice and the County of Suffolk ("the County"), defendants in this §1983 civil rights action, submit this memorandum of law in support of their motion for summary judgment dismissing the complaint ("the complaint") filed by the plaintiff Daniel Wirshup.

In this action, the plaintiff seeks to recover against defendants District Attorney Thomas J. Spota, Assistant District Attorney Kevin Ward, Assistant District Attorney John Scott Prudenti, Assistant District Attorney Christopher Nicolino, Detective Investigator Thomas Iacopelli, Detective Investigator Robert Amato, Detective Raymond Felice and the County for what he claims was a False Arrest and Malicious Prosecution for the charges of Scheme to Fraud in the First Degree and Official Misconduct.

As defendants now explain in the accompanying memorandum of law, the plaintiff cannot recover upon the claims of False Arrest or Malicious Prosecution because defendants District Attorney Thomas J. Spota, Assistant District Attorney Kevin Ward, Assistant District Attorney John Scott Prudenti, Assistant District Attorney Christopher Nicolino, Detective Investigator Thomas Iacopelli, Detective Investigator Robert Amato, Detective Raymond Felice had probable cause to affect the arrest and prosecution of the plaintiff.  Furthermore, District Attorney Thomas J. Spota, Assistant District Attorney's Kevin Ward, John Scott Prudenti and Christopher Nicolino are entitled to absolute immunity and the defendants Detective Investigator Robert Amato and Detective Raymond Felice are entitled to qualified immunity by virtue of the Grand Jury indictment.

**POINT I**

**PLAINTIFF'S VAGUE, CONCLUSORY AND GENERAL ALLEGATIONS
UNSUPPORTED BY ANY SPECIFIC INSTANCES OF MISCONDUCT ARE
INSUFFICIENT TO SUSTAIN A CLAIM OF CONSPIRACY.**

The Second Circuit has held that, "to prove a §1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello v. County of Nassau, 292 F.3d 307, 324-325 (2d Cir. 2002) (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)); see also Kramer v. City of New York, 2004 U.S. Dist. LEXIS 21914, 21 (D.N.Y. 2004). The Second Circuit further held that, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." Ciambriello, 292 F.3d 307, 325 (2d Cir. 2002). Moreover, "diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Id.; See also Hernandez v. Goord, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004).

Plaintiff's complaint alleges, among other things, that the defendant officers and District Attorney's conspired to bring the charges contained in the superseding indictment against him because he had not agreed to cooperate and provide information in the wider investigation into Debut's relationship with the Village of Patchogue. At the same time plaintiff's own deposition demonstrates that these allegations were a simple afterthought and plaintiff could site no reason or basis for believing in the existence of the alleged conspiracy other than his acquittal.

In Ciambriello the Second Circuit deemed factual allegation conclusory because plaintiff "has not provided any details of time and place, and has failed specify in detail the factual basis necessary to enable defendants intelligently to prepare their defense." Ciambriello, 292 F.3d 307, 325 (2d Cir. 2002) (citations, internal quotation marks, and internal alterations omitted) (citing Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir. 1977). Moreover although §1983 conspiracy claims "are by their very nature secretive operations, and may have to be proven by circumstantial, rather than direct, evidence, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Kramer, 2004 U.S. Dist. LEXIS 21914, 21 (D.N.Y. 2004) (internal citations and quotation marks omitted) (citing Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002); see also Sylvester v. City of New York, 385 F. Supp. 2d 431, 446 (D.N.Y. 2005).

In the present matter, not only does plaintiff fail to present a single piece of evidence showing an impermissible agreement or articulate any evidence inferring a specific agreement, but he himself admitted that the subject work did not comply with the Village code and that he signed the payment vouchers on the substandard work. The only evidence plaintiff offers is the fact that he was acquitted of the charges after a bench trial. An acquittal based on the standard of beyond a reasonable doubt does nothing to impair probable cause to believe an offense has been committed let alone, establish a conspiracy.

Accordingly, plaintiff's conspiracy allegations must be dismissed.

**POINT II**

**THE PLAINTIFF CANNOT RECOVER FOR HIS CLAIMS OF FALSE ARREST OR MALICIOUS PROSECUTION BECAUSE PROBABLE CAUSE EXISTED AT THE TIME OF HIS INDICTMENT FOR THE SUBJECT CRIMES.**

It is well settled that there can be no federal civil rights claim for false arrest where the arresting officer had probable cause. See Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006); Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995); Bernard v. United States, 25 F3d 98, 102 (2d. Cir.1994). Moreover a malicious prosecution claim is likewise unavailable if the prosecution is supported by probable cause. See Rothstein v. Carriere, 373 F.3d 275, 282 (2d. Cir 2004). In analyzing claims of false arrest, courts "generally look to the law of the state in which the arrest occurred." Russo v. City of Bridgeport, 479 F.3d 196, 203 (2d Cir. 2007); see also Jaegly, 439 F.3d 149, 152. Under New York Law, where an officer makes an arrest without a warrant, the presumption arises that the arrest was unlawful. Jenkins v. City of New York, 478 F.3d 76, 88 (2d Cir. 2007). However, "this presumption is rebutted if, applying the reasonable, prudent person test, the arresting officer, acting in good faith, had 'reasonable cause for believing the person to be arrested to have committed" a crime. Id. (citing Dillard v. City of Syracuse, 51 AD2d 432, 435 (N.Y. App. Div. 1976) (quoting People v. Coffey, 12 N.Y. 2d 443, 451 (N.Y. 1963). The 'good faith' requirement examines whether, when the facts are construed in favor of the plaintiff, the officer's probable cause determination was objectively reasonable. Id. Put differently, the existence of probable cause is an absolute defense to a false arrest claim. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996); see also Jaegly 439 F.3d 149, 152.

When determining whether probable cause exists, courts "must consider those facts available to the officer at the time of the arrest and immediately before it." <u>Maron v. County of Albany</u>, 166 Fed. Appx. 540, 542 (2d Cir. 2006) (citing <u>Lowth v. Town of Cheektowaga</u>, 82 F.3d 563, 569 (2d Cir. 1996)). A district court must consider "totality of the circumstances" when deciding whether probable cause exists to effectuate an arrest. <u>Illinois v. Gates</u>, 462 U.S. 213, 233, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). An officer has probable cause to arrest when he or she has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." <u>Jaegly</u> 439 F.3d 149, 152 (2d Cir. 2006); <u>see also</u> <u>Dunaway v. New York</u>, 442 U.S. 200, 208 n. 9 (1979). It is also well established that an arresting officer who has been advised of a crime by a person who claims to be the victim and who it seems reasonable to believe is telling the truth, has probable cause to arrest absent circumstances that raise doubts as to the victim's veracity. <u>See Singer</u>, 63 F.3d 110, 119 (2d Cir. 1995) (citing <u>Hebron v. Touhy</u>, 18 F.3d 421 (7th Cir. 1994); <u>Caldarola v. Calabrese</u>, 298 F.3d 156 (2d. Cir 2002); <u>Miloslavsky v. AES Eng'g Soc'y, Inc.</u>, 808 F.Supp. 351, 355 (S.D.N.Y. 1992) ("The veracity of citizen complainants who are the victims of the very crime they report to the police is assumed), aff'd, 993 F.2d 1534 (2d Cir. 1993), cert. denied, 510 U.S. 817, 114 S.Ct. 68 (1993). Even where the circumstances of an arrest may raise questions as to the motivation of the arresting officer, motivation is not a consideration in assessing probable cause. <u>Singer</u>, 63 F.3d at 119; <u>Lee v. Sandberg</u>, 136 F.3d 94, 103 (2d Cir. 1997) (plaintiff's suspicion that trooper arrested her to appease complaining witness who indicated intent to file complaint against

trooper was irrelevant to probable cause determination) (citing <u>Mozzochi v. Borden</u>, 959 F.2d 1174, 1179-1180 (2d Cir. 1992).

Furthermore, probable cause is not negated simply because there may be an innocent explanation for the facts alleged, and an "officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause." <u>Pannetta v. Crowley</u>, 460 F.3d 388, 395-396 (2d Cir. 2006) (citing United <u>States v. Fama</u>, 758 F2d 834, 838 (2d Cir. 1985). In <u>Curley v. Village of Suffern</u>, 268 F.3d 65 (2d Cir. 2001), the Second Circuit held that:

> Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest. Although a better procedure may [be] for the officers to investigate plaintiff's version of events more completely, the arresting officer does not have to prove plaintiff's version wrong before arresting him. Nor does it matter that an investigation might have cast doubt upon the basis for the arrest. Before making an arrest, if the arresting officer has probable cause, he need not also believe with certainty that the arrestee will be successfully prosecuted.
>
> Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence.

<u>Panetta</u>, 460 F.3d at 396 (internal quotation marks and citations omitted).

The plaintiff in this case was charged with a Scheme to Defraud in the First Degree and Official Misconduct based on information that had been collected by District Attorney Investigators and the named Assistant District Attorney's which triggered probable cause to arrest or, as was done in this case, commence a Grand Jury Investigation.

Prior to the superceding indictment that included plaintiff as an added defendant in a larger investigation, information in the form of sworn statements taken from citizens

of the Village of Patchogue, Suffolk County, New York, indicated that plaintiff had steered them in the direction of a Debut Construction (hereinafter "Debut") to perform curb and sidewalk work purportedly mandated by the Town.

This information, standing along, provided a reasonable basis to believe that plaintiff may have engaged in criminal conduct. See, <u>Oneil v. Town of Babylon</u>, 986 F.2d 646 (2nd Cir. 1993) where the court held that when an officer has reasonably trustworthy information to "warrant a person of reasonable causation [to believe] an offense has been committed" than the officer has probable cause to arrest. Although this information standing alone, did not serve as the sole basis for the Grand Jury presentation, it nevertheless served to create a reasonable suspicion that a crime may have occurred.

Further information had also been collected which clearly established that Debut had done the purported required work on sidewalks and curbs in a substandard manner and in clear violation of the code requirements calling for a separate concrete pour for sidewalks and curbs and a minimum depth for the curbs to be 18 inches from top to bottom. Nevertheless, Debut had been issued payment vouchers indicating a rate reflective of the code requirements. Plaintiff himself didn't deny that the subject work was not in compliance with the code and that he had signed the vouchers for the work done on the subject homeowner property. See <u>Maron</u>, *supra* at 542 wherein the court held that "an arresting officer advised of a crime by a person who claims to be the victim, and who signed a complaint…charging someone with [a] crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victims veracity "(citing <u>Ginger</u>, *supra* at p. 119).

The existence of probable cause also serves as a bar to the plaintiff's claim for malicious prosecution.  Although 42 USC §1983 provides individuals with a federal cause of action for malicious prosecution (as violative of the 4th and 14th Amendments of the United States Constitution), generally the Courts of this Circuit have borrowed elements of the underlying malicious prosecution claim from state law.  See, Washington v. County of Rockland, 373 F.3d 310, 315 (2d Cir. 2004) (citing Cook v. Sheldon, 41 F.3d 73, 79 (2d Cir. 1994)).

The elements of the tort of malicious prosecution are 1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff; 2) the termination of the proceeding in favor of the accused; 3) the absence of probable cause for the criminal proceeding; and 4) actual malice. See, Broughton v. State of New York, 37 N.Y.2d 451, 454, 335 N.E.2d 310, 314, 373 N.Y.S.2d 87, 94 (1975); Bernard v. United States, 25 F.3d 98, 104 (2d Cir. 1994); Maron, 166 Fed. Appx. 540, 541 (2d Cir. 2006).   As set forth above, probable cause is a defense to the claim asserted by any individual seeking relief for false arrest.  Lack of probable cause for the criminal proceeding is one of the elements that Wirshup must prove to prevail on these two claims, as asserted against each of the defendants.

Where probable cause to arrest and charge exists, there is no tenable claim for either false arrest or malicious prosecution under federal or state law. Singer v. Fulton, 63 F.3d 110, 118 (2d Cir. 1995); Murphy v. Lynn, 118 F.3d 938, 947 (2d. Cir 1997); Miloslavsky v. AES Eng'g Soc'y, Inc., 808 F.Supp. 351, 355 (S.D.N.Y. 1992), aff'd, 993 F.2d 1534, 1 (2d Cir.), cert. denied, 510 U.S. 817, 114 S.Ct. 68 (1993).  Based upon the information known to the defendants at the time of the Grand Jury presentation, any

reasonable officer or District Attorney, based on the totality of information then known to exist, would have concluded that there was probable cause to charge the plaintiff with the crimes he went to trial on.

Finally, "a presumption of probable cause is created by a grand jury's indictment." Boyd v. City of New York, 336 F.3d 72, 76 (2d Cir. 2003) (citing Colon v. City of New York, 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453, 455 N.E.2d 1250 (1983)). Thus, when the grand jury indicted plaintiff on charges of A Scheme to Defraud in the First Degree and Official Misconduct, it created a rebuttable presumption of probable cause. Therefore, "[i]f plaintiff is to succeed in his malicious prosecution action after he has been indicted, he must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." Boyd, 336 F.3d 72, 76 (2d Cir. 2003). Since plaintiff, during his deposition, provided no direct evidence other than his speculation and surmise, based on his acquittal after a bench trial, he cannot overcome the presumption of probable cause.

Accordingly, since the arrest and prosecution of the plaintiff was supported by probable cause and defendant officers had probable cause to arrest the plaintiff and the Assistant District Attorney's had probable cause to prosecute plaintiff, the claims for False Arrest and Malicious Prosecution should be dismissed.

**POINT III**

**ABSOLUTE IMMUNITY BARS PLAINTIFF'S CLAIM
OF MALICIOUS PROSCUTION AGAINST
DISTRICT ATTORNEY'S OFFICE DEFENDANTS**

It is well settled that, "a state prosecutor has absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the State's case at trial." Buckley v. Fitzsimmons, 509 U.S. 259, 269, 113 S. Ct. 2606, 2613, 125 L. Ed. 2d 209, 224 (1993); See Imbler v. Pachtman 424 U.S. 409, 422, 96 S. Ct. 984, 991, 47 L. Ed. 2d 128, 139 (1976) (finding absolute immunity for assistants of federal prosecutors). Similarly, prosecutor is immune from a civil suit for damages under § 1983 in initiating a prosecution and in presenting the State's case. Id, at 431, 96 S. Ct. at 995, 47 L. Ed. 2d at 144 (1976). It is for the same public policy considerations that state prosecutors enjoy absolute immunity in suits under §1983 that they enjoy under the common law. Id, at 427, 96 S. Ct. at 991, 47 L. Ed. 2d at 142 (1976). These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust. Id. Accordingly, "prosecutors [are] immune from claims based on malicious prosecution or based on their conduct before a grand jury." Pinaud v. County of Suffolk, 52 F.3d 1139, 1149 (2d Cir. 1995).

There is an important procedural difference between the absolute and the qualified immunities. Whereas qualified immunity depends on circumstances and motivations of official with such immunity, "[a]n absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." Imbler, 424 U.S. at 419, 422, 96 S. Ct. at 990, 47 L. Ed. 2d at 136 (1976).

Thus, Assistant District Attorney,s Nicollino, Prudenti, Ward and District Attorney Thomas J. Spota are absolutely immune for the prosecution of plaintiff and for their respective actions relating to the Grand Jury presentation and actual criminal trial since both of these actions are clearly prosecutorial acts. See <u>Imbler</u>, *supra*, at 422.

**POINT IV**

**EVEN IF PROBABLE CAUSE DID NOT EXIST AS A MATTER OF LAW DURING THE INVESTIGATIVE PHASE OF THIS CASE, THE DEFENDANT INVESTIGATORS ARE ENTITLED TO QUALIFIED IMMUNITY AS ARGUABLE PROBABLE CAUSE EXISTED FOR THE GRAND JURY PRESENTATION AGAINST PLAINTIFF.**

Assuming *arguendo* that this Court determines that probable cause did not exist as a matter of law during the investigative phase of this case, based upon the information available to these defendants, namely that homeowners complained of being steered to Debut, that sub par work was signed off on by plaintiff, and that Debut had been a financial supporter of the Mayor that hired plaintiff without adhering to civil service requirements, the information supported 'arguable' probable cause. As such the defendants were not acting objectively unreasonable when they relying this information. Therefore, even if the probable cause determination of the defendants was mistaken, as a matter of law, they are entitled to qualified immunity from suit.

A Police Officer and Assistant District Attorney's involved in the investigative phase of a case are entitled to qualified immunity where "1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or 2) it was 'objectively reasonable' for them to believe that their actions were lawful at the time of the challenged act." Jenkins v. City of New York, 478 F.3d 76, 88 (2d Cir. 2007) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), and citing Anderson v. Creighton, 483 U.S. 635, 641 (1987)). An officer's determination is objectively reasonable if "officers of reasonable competence could disagree on whether the probable cause test was met." Jenkins, 478 F. 3d at 87 (citing Lennon v. Miller, 66 F.3d 416, 423-24 (2d Cir. 1995)); see also Malley v. Briggs, 475 U.S. 335, 341 (1986)

("As the qualified immunity defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law.")

Therefore, even if a Court determines probable cause to be lacking, as a matter of law, Investigators and Assistant District Attorney's involved in the pre-indictment investigation are entitled to immunity from suit if it can be established that there was "arguable probable cause' to make the arrest. Escalara v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004); Caldarola v. Calabrese, 298 F.3d 156, 166 (2d Cir. 2002). The question becomes whether a similarly situated investigator or Assistant District Attorney "could have reasonably believed that probable cause existed in light of well established law". Lee, 136 F.3d,102. As such, a determination must be made as to whether investigators or Assistant District Attorney's of reasonable competence could disagree on whether probable cause existed, thus state actors are entitled to immunity unless their judgment "was so flawed that no reasonable state actor would have made a similar choice." Lennon v. Miller, 66 F.3d 416, 425 (2d Cir. 1995). Even if Investigators and Assistant District Attorney's of reasonable competence may have disagreed on whether the homeowner's sworn statements coupled with the clear substandard work done based on the Village Code, the manner in which plaintiff got his job, and the signed vouchers representing the work conformed with the code, satisfied the probable cause test, it was not plainly incompetent or a knowing violation of the law for the defendants to decide that the test was met. In light of the facts and circumstances previously set forth in the FRCP Rule 56.1 statement it cannot be said that the determination that probable cause existed to prosecute the plaintiff was objectively unreasonable.

Consequently, in the alternative, defendants District Attorney Kevin Spota and Assistant District Attorney Kevin Ward, Assistant District Attorney John Scott Prudenti, Assistant District Attorney Christopher Niccolino, Detective Investigator Thomas Iacopelli, Detective Investigator Robert Amato, Detective Raymond Felice would be entitled to summary judgment dismissing the claims against them based upon their entitlement to qualified immunity.

**POINT V**

**PLAINTIFF CANNOT SUSTAIN A VALID SIXTH AMENDMENT CLAIM
SINCE CONTACT WITH INVESTIGATORS OCCURRED PRIOR TO THE
COMMENCEMENT OF CRIMINAL PROCEEDINGS AND
PLAINTIFF CANNOT SHOW ANY ACTUAL PREJUDICE**

**A.     The Sixth Amendment Right to Counsel Only Attaches After A Criminal
Proceeding Has Been Initiated.**

In order to make out a claim that a Sixth Amendment violation has occurred, it

must be demonstrated that the complained of conduct occurred after the commencement

of a criminal proceeding and during a "critical stage" of that proceeding.  See, Kirby v.

Illinois, 406 u.s. 682, at 688-689, (1972).  The 2nd Circuit, in applying Kirby, supra, has

held that a review of state law is necessary in order to determine when a criminal

proceeding actually commences.  In that regard, New York State Criminal Procedure

Law §100.05 states that a criminal action is commenced by the filing of an accusatory

instrument as that term is defined in that section.   See, for example United States ex rel.

Robinson v. Zelker, 468 F.2d 159 (2nd. Cir. 1972) cert. denied 411 U.S. 939 (1973),

O'Hagan v. Soto, 523 F. Supp. 625, at 630, (S.D.N.Y. 1981); Meadows v. Kuhlmann,

812 F. 2d 72, at 76-77 (2nd Cir. 1987); and Deshawn v. Safir, 156 F.3d 340, at 349 (2nd

Cir. 1998), where this principle is established in the 2nd Circuit.

The Second Circuit has also held that an alleged Sixth Amendment violation must

also have occurred during a "critical phase" of the criminal proceeding once it has been

commenced.  It has also been determined that a "critical phase" in a criminal proceeding

includes, for example, actions taken in connection with identification proceedings,

inculpatory statements by an accused, the retrieval of  physical evidence such as items

seized under the Fourth Amendment, or scientific evidence.  Indeed, see, Meadows v.

Kuhlmann, 812 F. 2d 72, at 75-77, (2nd Cir. 1987); United States v. Kon Yu-Leung, 910 F. 2d 33, at 37-38 (2nd Cir. 1990); Claudio v. Scully, 982 F.2d at 802 (2nd Cir. 1992) and Deshawn, supra, at 349-350 which discusses the concept of "critical stage" at length.

In the present matter, it is absolutely uncontested that the contact between the plaintiff and the investigators handling the Village of Patchogue portion of the investigation occurred prior to the commencement of any criminal proceeding against the plaintiff. Each occasion of interaction between the plaintiff and investigators occurred during a time when the investigation was ongoing and in reality, were not attempts to obtain evidence from plaintiff, but were attempts to get him to cooperate in the portion of the investigation that dealt with Debut's apparently favorable treatment in the Village of Patchogue and the plaintiff's role in facilitating that favorable treatment. In other words, the contact in issue between plaintiff and the investigators were attempts to secure a workable cooperating relationship with plaintiff, which was done with the intent of avoiding the commencement of a criminal proceeding against plaintiff. Further, the plaintiff became a subject of a superseding indictment only well after all contact between him and the investigators were terminated.

In the event plaintiff attempts to submit that his contact with investigators was during a "critical stage" of a proceeding, it remains uncontested that the original indictment in this investigation only named Debut and its principle as a defendant and that indictment dealt only with Debut's contact with the Town of Brookhaven and had absolutely nothing to do with Debut's relationship with the Village of Patchogue and contact with the plaintiff in his official capacity.

Thus, based on the foregoing, the County respectfully submits that plaintiff's purported Sixth Amendment claim is totally without merit as a matter of law and should be dismissed.

**B.      Section 48 U.S.C. §1983 and Prejudice in Sixth Amendment Cases.**

To the extent that plaintiff will argue that he had a colorable Sixth Amendment claim, because a wider investigation was underway at the time of his contact with investigators, he nevertheless cannot show any prejudice to him by virtue of that contact.

It is well settled that in order to sustain a Sixth Amendment violation, plaintiff has to show actual prejudice from the complained of conduct.  Indeed, see United States v. Morrison, 449 U.S. 361, at 364-365 (1981), United States v. Cronic, 466 U.S. 648, at 657-659 (1989) and United States v. Cuauhtemoc Gonzalez-Lopez, 2006 U.S. Lexis 5165 (2006).  Those cases stand for the principle that even if one could make out a Sixth Amendment violation, the claim cannot be complete until there has been a shaving of actual prejudice.

Although the County vehemently denies that there has been a Sixth Amendment violation for the foregoing reasons, it must be noted that absolutely no prejudice befell the plaintiff during his contact with investigators.  Indeed, the tapes created by the plaintiff himself clearly show that great pains were taken by the investigators not to steer him to an attorney nor to discuss with him any wrongdoing on his part.  In fact, the tapes show that it was the plaintiff himself who was trying to get the investigators to discuss the case and to suggest an attorney.  Finally, the record is

undisputed that no exculpatory statements or any other possible thing of substance occurred during the subject contact between plaintiff and the investigators and the criminal trial in this matter was devoid of any information regarding the subject contact between the plaintiff and investigators.  Thus, any purported claim of prejudice is simply untenable.

## <u>CONCLUSION</u>

The motion of defendants District Attorney Thomas J. Spota, Assistant District Attorney Kevin Ward, Assistant District Attorney John Scott Prudenti, Assistant District Attorney Christopher Nicolino, Detective Investigator Thomas Iacopelli, Detective Investigator Robert Amato, Detective Raymond Felice and the County of Suffolk pursuant to Rule 56 for summary judgment dismissing the complaint should be granted.

Dated:  Hauppauge, New York         Yours, etc.
       October 31, 2007

                                       CHRISTINE MALAFI
                                       SUFFOLK COUNTY ATTORNEY
                                       Attorney for Defendants
                                       County of Suffolk,
                                       H. Lee Dennison Building
                                       100 Veterans Memorial Hwy
                                       P.O. Box 6100
                                       Hauppauge, New York  11788

                   By:    _____
                                         Richard T. Dunne/RD-6665
                                       Assistant County Attorney