UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RD-6665

DANIEL WIRSHUP,

                        Plaintiff,

-against-

SUFFOLK COUNTY POLICE DEPARTMENT; THOMAS J. SPOTA; SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE; ASSISTANT DISTRICT ATTORNEYS JANE AND JOHN DOES "1"-"5," KEVIN WARD, JOHN SCOTT PRUDENTI, and CHRISTOPHER NICCOLINO; DETECTIVES/POLICE OFFICERS TOM ICAPELLI, ROBERT AMATO, RAYMOND FELICE and JOHN AND JANE DOES "1"-"5," and THE COUNTY OF SUFFOLK,

                        Defendants.

**AFFIDAVIT OF THOMAS J. SPOTA**

CV05-4086 (ERK)(WDW)

**THOMAS J. SPOTA**, being duly sworn and deposes says:

1. I submit this affidavit in opposition to plaintiff's Notice of Deposition served on the County Attorney's Office in January of 2007.

2. In January of 2002, I was sworn in as the District Attorney for the County of Suffolk. I have served as the District Attorney for Suffolk County continuously since that time.

3. In early 2002 information came into the District Attorney's Office regarding certain billing irregularities in the Highway Department for the Town of Brookhaven and an irregular business relationship with a private contractor. This information was given

to various units that had been re-organized upon my taking office. These units included the Public Integrity Unit and the Economic Crimes Bureau.

4. From the onset of the investigation, the responsibility for the day-to-day management of the case was delegated to assigned Senior Assistant District Attorneys. However, those Senior Assistant District Attorneys were instructed to periodically update me and to inform me of any significant developments in what was expected to be a lengthy investigation.

5. In May of 2003, I was briefed on the progress of an ongoing Grand Jury Investigation involving the aforementioned investigation. An earlier indictment had been handed up against a Debut Concrete Company which had been allowed to do substandard work that violated local building codes in the Town of Brookhaven, while representing that the work conformed to the minimal code standards. As the investigation continued, information developed indicating that Debut was the beneficiary of a similar relationship within the Village of Patchogue. Debut's relationship with the Village of Patchogue was through a Daniel Wirshup. After conferring with the assigned Assistants and reviewing the evidence, I authorized these Assistants to charge the Special Grand Jury hearing evidence with all of the crimes uncovered during the investigation.

5. At the end of May 2003, the Special Grand Jury returned a superseding indictment that contained eighty counts, three of which were against Daniel Wirshup.

7. In August of 2004, some two months after the verdict came in on the aforementioned indictment (plaintiff Wirshup was acquitted on his three counts), a Mr. Frank Tinari, Esq. visited me in my Hauppauge office and presented me with a tape containing conversations that had taken place between Mr. Tinari's partner's client (Wirshup) and investigators assigned to the Patchogue team in the aforementioned investigation. Mr. Wirshup was represented by a Mr. Patrick O'Connell. These conversations occurred in February and March of 2003.

8.  Soon thereafter I consulted with the Assistants assigned to the investigation and learned that in February 2003 the aforementioned investigators had run into Mr. Wirshup in Patchogue and had suggested to him that his interests would be better served by cooperating with the investigation and, if he was so inclined, there would be a conflict of interest problem between Mr. O'Connell and potential targets in the Patchogue portion of the investigation and that he would have to secure another attorney as a condition precedent to a "sit down". The Assistants also told me that another area of conflict existed by virtue of Mr. O'Connell's representation of a Patricia Strebel who was also a co-defendant in the superseding indictment.

9.  The first time I learned of these conversations was in August of 2004 when Mr. Tinari came to my office. After consulting with the assigned Assistants I was informed that since the efforts to have Mr. Wirshup cooperate never actually developed, they did not bring those meetings to my attention. I was also informed by these Assistants that had a "shadow counsel" situation developed, I would have been informed promptly. Had that occurred, I would have directed that the matter then be brought before the Judge who empanelled the Special Grand Jury seeking permission for the appointment of such "shadow counsel".

_____
Thomas J. Spota

Sworn to before me this

21st day of June, 2007.

Jacqueline Pace

JACQUELINE PACE
Notary Public, State of New York
No. 01PA5005089
Qualified in Suffolk County
Commission Expires Nov. 30, 2010

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK)
COUNTY OF SUFFOLK)ss.:

**Kathleen Compitello**, being duly sworn, deposes and says: That I am over 18 years of age and associated with the Suffolk County Attorney. That on the 5th day of **November 2007** she served the within **Notice of Motion, Defendants' Rule 56 Statement, Affirmation in Support of Motion and Memorandum of Law** in the matter of **Wirshup v. County of Suffolk, et al., Index No. 05-4086 (ERK) (ARL),** upon the person hereinafter named and by depositing a true copy thereof, enclosed in a post-paid properly addressed mail wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

To:   **EL961277755US**

Bruce A. Barkett, Esq.   Express Mail EL 961277755 US
Attorney for Plaintiff
Law Offices of Bruce A. Barkett, P.C.
666 Old Country Road, Suite 600
Garden City, NY 11530

Kathleen Compitello

Sworn to before me this
5th day of November 2007

Frances Bohm
Notary Public, State of New York
No. 01BO6147311
Qualified in Suffolk County
Term Expires 5/30/2010