UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RD-6665

DANIEL WIRSHUP,

                    Plaintiff,

-against-                    CV05-4086 (ERK)(ARL)

SUFFOLK COUNTY POLICE
DEPARTMENT; THOMAS J. SPOTA;
SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE; ASSISTANT
DISTRICT ATTORNEYS JANE AND
JOHN DOES "1"-"5," KEVIN WARD,
JOHN SCOTT PRUDENTI, and
CHRISTOPHER NICCOLINO;
DETECTIVES/POLICE OFFICERS TOM
ICAPELLI, ROBERT AMATO,
RAYMOND FELICE and JOHN AND
JANE DOES "1"-"5," and THE COUNTY
OF SUFFOLK,

                    Defendants.

## SUFFOLK COUNTY'S REPLY MEMORANUM OF LAW
## IN SUPPORT OF MOTION PURSUAT TO RULE 56 AND 56.1

Dated: Hauppauge, New York
        February 3, 2009

Respectfully submitted,

CHRISTINE MALAFI
Suffolk County Attorney
Attorney for County of Suffolk
Spota, Ward, Prudenti, Nicolino,
Iacopelli, Amato & Felice
H. Lee Dennison Building
100 Veterans Memorial Highway
P. O. Box 6100
Hauppauge, New York 11788

By: Richard T. Dunne/RD-6665
Assistant County Attorney

# TABLE OF CONTENTS

1. OBJECTIONS TO PLAINTIFF'S PURPORTED LOCAL FRCP RULE 56.1 .................................................................. 1

2. PROBABLE CAUSE ............................................................. 2

3. ARGUABLE PROBABLE CAUSE AND THE INDICTMENT .......... 4

4. ABSOLUTE IMMUNITY .................................................... 4

5. QUALIFIED IMMUNITY ..................................................... 5

6. THE SIXTH AMENDMENT ................................................. 5

7. CONSPIRACY .................................................................. 6

The County submits this reply memorandum to plaintiff's response to the original moving papers of October 31, 2008.

## 1. OBJECTIONS TO PLAINTIFF'S PURPORTED LOCAL FRCP RULE 56.1

In the first instance, the County respectfully submits that plaintiff's purported Local FRCP Rule 56.1 statement fails to meet the requirements as set forth in that section. There is no numbered response to, or objections made to any paragraph either by a group or on an individual basis, and there are no citations listed to support the assertions made by plaintiff nor any reference to the information in the record established during discovery. Accordingly, plaintiff has not specifically controverted the defendant's statement of material facts and as such, the County submits that it's local F.R.C.P. 56.1 statement can be deemed admitted.

The County, also objects to plaintiff's paragraphs 1, 2, 3, 4, 5, 10, 11, 12, 13, 14, 20, 21 and 22 on the grounds that these paragraphs are fraught with conclusions and presumptions that present themselves as arguments as opposed to uncontroverted material facts based on the record as required by local F.R.C.P. 56.1.

The County does not object to paragraphs 8 or 9 except to note that the attorney referenced is "Paul" Gianelli and not "Frank" Gianelli.

The County objects to paragraph 18 on the ground that this statement is entirely irrelevant to the sections of the New York State Penal Law that the Special Grand Jury indicted plaintiff for.

1

The County submits that paragraph 6 is disputed as plaintiff states, however, the "dispute" is irrelevant and non-material to the basis for the motion to dismiss. Irrespective of the reason why the investigators had contact with plaintiff, the record indisputably establishes that no inculpatory information was ever attempted to be obtained from plaintiff; plaintiff was specifically told that no such conversation would occur without him being represented by counsel; vouchers were signed by plaintiff representing that the work done conformed the Town Code when he himself admits that the work did not; plaintiff pressured several home owners into using Debut Contracting as a contractor; that his original attorney had an undenied conflict of interest necessitating a "shadow counsel" procedure; and, plaintiff himself initiated each additional contact between himself and the investigators. In other words, irrespective of the circumstances leading to contact with the plaintiff, the record clearly establishes through material facts, that probable cause to believe that plaintiff had in fact filed false vouchers depriving the Village of money in violation of his duties and responsibilities as they then existed.

## 2. PROBABLE CAUSE

While plaintiff has correctly identified the standards establish to conduct a reasonable assessment of probable cause, the plaintiff inaccurately concludes that no reasonable investigator or officer could have believed that plaintiff committed Official Misconduct resulting in a financial deprivation to the Village.

There is simply no basis in this record to conclude that plaintiff simply engaged in a series of mistakes when its uncontested that he steered homeowners to Debut Contracting; signed vouchers for substandard work which had the effect of

2

overbilling the Village; obtained his job by appointment in violation of the Civil Service Law; Debut Contracting was a political contributor to the Mayor that appointed plaintiff; and, plaintiff's son had a job with the Debut Contracting who had homeowner business steered to it by plaintiff.

Further, even assuming the subject investigation was based on an informant, the County would submit that corroboration was evident based on the independent assessment and inspection of the subject work; the statements from the homeowners; and, the vouchers representing that the subject work conformed to the code. Moreover, the corroboration requirement as argued is misplaced since corroboration is a technical requirement relating to the sufficiency of the charges and has nothing to do with the standard of probable cause based on the information available at the time of the indictment.

While the definitions submitted at page 8 of plaintiff's memorandum are accurate, the suggestion that there was not probable cause to believe that the enunciated elements were present when plaintiff was indicted is misplaced.

The objective facts of the investigation clearly establish that plaintiff's actions in signing inaccurate vouchers inured to the benefit of Debut Contracting at the expense of the Village and later the Village homeowners when the cost of the repairs became a line-item expense on their tax bills. The cost of what was billed compared to the work actually done, in terms of material savings to Debut Contracting for not conforming to the code, clearly benefited Milvid to the eventual detriment of the homeowners.

As to the remaining points raised by plaintiff, the County would again rely on the cases cited in the moving Memorandum of Law which clearly establishes that

investigators or police officers are not required to rule out every explanation of innocence before making an arrest. This is especially compelling when the exhibits in this motion are reviewed in the context of objective reasonableness.

3.  **ARGUABLE PROBABLE CAUSE AND THE INDICTMENT**

As stated in the moving memorandum of law, there is simply nothing in this record that establishes malice or fraud during the Grand Jury presentation. Plaintiff mistakes a belief by the investigators that he was a 'low-man" on the totem pole of corruption in the Village, with the establishment of innocence or exculpatory evidence. Nor does the desire to use plaintiff as an informant establish innocence. Indeed, when the Village passed the expense of work that was represented to be within code specifications to the homeowners in the form of a line-item tax, it did so relying on the veracity of vouchers signed by plaintiff. There is no evidence in this record that establishes that the Village was aware that the Town paid full price for substandard work. The conduit between the payments to Debut Contracting and the assessments placed on the homeowners was, in fact, plaintiff. How this establishes the existence of exculpatory evidence or innocence is beyond comprehension. However, these facts establish, at the very least, that a like investigator could have reasonably believed that plaintiff was acting to provide a benefit to Debut Contracting.

4.  **ABSOLUTE IMMUNITY**

Plaintiff is correct in the distinction between the investigative phase of a case and the prosecutorial phase of the case. However, as to the False Arrest allegation, all defendants are subject to the probable cause analysis that has already been discussed. However, since plaintiff's prosecution was not commenced until such time as a Grand Jury returned a true bill, Absolute Immunity is an available defense for all the District Attorney defendants with respect to the Malicious Prosecution allegation.

### 5. QUALIFIED IMMUNITY

Qualified Immunity was raised as an alternate defense and the analysis of whether the standard has been met has absolutely nothing to do with a purported "question of fact". As stated in the moving memorandum, Qualified Immunity is established if, based on the facts then existing up to the time of the Grand Jury presentation, a reasonable officer or investigator or District Attorney could have believed that the information established probable cause, even if they were mistaken as a matter of law. Once again, the claim of exculpatory evidence is conclusory and offered without any support in the record established during discovery.

### 6. THE SIXTH AMENDMENT

Plaintiff's assertions in this section are without merit since it is undisputed that the Investigators first encounter with plaintiff was simply an attempt by investigators to have plaintiff cooperate and to inform him that if he chose to cooperate, his attorney had a conflict of interest. No interrogation was done, nor were any statements or any other

5

evidence obtained from plaintiff and the encounter was conducted with the goal of setting up a "shadow counsel" situation because of the conflict of interest his attorney had. Further, all subsequent contact was done with explicit approval of plaintiff since he took it upon himself to continue contact and, in fact, taped these encounters.

## 7. CONSPIRACY

Put simply, an acquittal at trial under the standard of "beyond a reasonable doubt" cannot be related back or bootstrapped to suggest that there wasn't probable cause to begin with or that some devious plan was hatched to conspire against the plaintiff during the investigative phase of the subject prosecution. Also, plaintiff has not submitted one scintilla of evidence that would even circumstantially establish an illicit agreement.

WHEREFORE the County respectfully submits that Summary Judgment should be granted and that the complaint be dismissed with prejudice in its entirety.

Dated: Hauppauge, New York
February 3, 2009

Yours, etc.

CHRISTINE MALAFI
SUFFOLK COUNTY ATTORNEY
Attorney for Defendants
County of Suffolk,
H. Lee Dennison Building
100 Veterans Memorial Hwy
P.O. Box 6100
Hauppauge, New York 11788

By: _____
Richard T. Dunne/RD-6665
Assistant County Attorney